IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

**FILED**
**02/18/2021**
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

GEOFFRIE DILL,
    Petitioner,

v.    CASE NO. 1:13-CV-01900-TWP-TAB

UNITED STATES OF AMERICA,
    Respondent.

MOTION FOR RELIEF FROM JUDGEMENT UNDER
FEDERAL RULE OF CIVIL PROCEDURE 60(a) AND 60(b)(6)

COMES NOW Geoffrie Dill Petitioner Pro Se, and respectfully presents the following:

On April 21, 2016 an agreement of parties as to the <u>Johnson</u> claim under 28 U.S.C. § 2255 was filed with the Court, requesting that a amended judgement be entered reflecting 120 months on Count 3 (Document 40).

On May 31, 2016 the Court entered a amended judgement that still reflects 180 months on Count 3. Petitioner Dill was represented by counsel and relied on her to make certain his

judgement was correct. Therefore Dill never noticed the "error" until January 2021, when he was looking at how his case was structured due to the decision in United States v. De la torre, 940 F.3d 928 (7th Cir. 2019).

Petitioner Dill also moves for relief from the judgement under Fed. R. Civ. P. 60(b)(6) which allows the Court to relieve a party from a final judgement for "any other reason that justifies relief." Such relief is timely so long as it is made within a reasonable time. Fed. R. Civ. P. 60(c)(1) relief under this section is available in extraordinary circumstances. Gonzalez v. Crosby, 545 U.S. 524, 536 (2005).

In 2019 the Seventh Circuit Court of Appeals decided United States v. De la torre, 940 f.3d 938, 951. Petitioner Dill was sentenced on Count 1 under 21 U.S.C. § 841(a)(1) and 851, for two prior Indiana convictions for dealing in methamphetamine, which no longer qualify as predicate offenses for purpose of the 851 enhancement. Petitioner Dill is asking this Court to correct Count 1, which he believes demonstrates a manifes error of law. See Nicholas Alston v. United States, 2:16-cv-00016-JMS-DLP

Respectfully Submitted,

*[signature]*
Geoffrie Dill Petitioner Pro Se

CERTIFICATE OF SERVICE

I, Geoffrie Dill do hereby declare under the penalty of perjury that I placed a true and correct copy of the foregoing: MOTION FOR RELIEF FROM JUDGEMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(a) AND 60(b)(6), with postage prepaid and affixed into the prison mailbox on this 8th day of February 2021, and properly addressed it to the following:

>                CLERK OF THE COURT
>           UNITED STATES DISTRICT COURT
>               46 EAST OHIO STREET
>              INDIANAPOLIS, OH 46204

> Respectfully,
>
> *Geoffrie Dill*
> Geoffrie Dill
> Reg. No. 09906-028
> Federal Correctional Complex
> P.O. Box 3000
> Forrest City, AR 72336

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GEOFFRIE DILL,<br>    Petitioner, | )<br>)<br>) |
| v. | )   1:13-cv-01900-TWP-TAB<br>) |
| UNITED STATES OF AMERICA,<br>    Respondent. | )<br>)<br>) |

## AGREEMENT OF THE PARTIES AS TO THE *JOHNSON* CLAIM UNDER 28 U.S.C. § 2255

Geoffrie Dill, by counsel, Sara J. Varner, and the United States, by counsel, Bob Wood, moves the Court, pursuant to 28 U.S.C. § 2255, for relief under *Johnson v. United States*, 135 S.Ct. 2551 (2015) and under *Price v. United States*, 795 F.3d 731 (7th Cir. 2015), and in support state:

1. On February 5, 2016, the parties filed a Stipulation in this matter which resolved all claims on Mr. Dill's motion, save the claim under *Johnson v. United States*, 135 S.Ct. 2551 (2015). As to that claim, the parties stipulate as follows.

2. The three predicate violent felonies giving rise to Mr. Dill's status under the Armed Career Criminal Act were a dealing in methamphetamine conviction in Orange County, Indiana (PSR ¶ 39); a dealing in methamphetamine conviction in Orange County, Indiana (PSR ¶ 40); and a battery conviction in Orange County, Indiana (PSR ¶ 41).

3. On June 26, 2015, the United States Supreme Court held the residual clause of the Armed Career Criminal Act unconstitutional. *Johnson*, 135 S.Ct. 2551. Subsequently, the Seventh Circuit Court of Appeals held that *Johnson* announces a new substantive rule of constitutional law that the Supreme Court has categorically made retroactive. *Price v. United States*, 795 F.3d 731 (7th Cir. 2015).

4. The parties agree that Mr. Dill's Battery conviction cited by the PSI relied upon the ACCA residual clause for classification as a violent felony. After consultation, the parties stipulate that a sufficient number of prior convictions which would count for ACCA status do not exist.

5. Upon review of the underlying facts of the case, the parties agree that the sentence imposed on Count 3 in this case was illegal in that it exceeded the otherwise applicable statutory maximum penalty of ten years incarceration and three years of supervised release, under 18 U.S.C. § 922(g)(1).

6. The parties stipulate that the appropriate post-*Johnson* sentence on count 3 is 120 months incarceration, to be followed by three years of supervised release. The parties agree that this sentence is sufficient, but not greater than necessary in this matter. 18 U.S.C. § 3553(a).

7. The parties further stipulate that the change in Count 3 makes no difference to the ultimate sentence imposed in Mr. Dill's case, as he remains a career offender and will remain so even should *Johnson* apply retroactively to career offenders.

8. The parties agree that the district court should grant relief to Mr. Dill to the extent that an Amended Judgment be entered in the criminal matter reflecting:

    i. 240 months on count 1;

    ii. Count 2 is unaffected;

    iii. 120 months on Count 3 to be followed by a 3 year term of supervised release.

**WHEREFORE**, the parties jointly request that the Court grant his 28 U.S.C. §2255 petition to the extent agreed by the parties and enter an Amended Judgment.

Respectfully submitted,

s/Bob Wood
Bob Wood
Assistant U.S. Attorney
10 W. Market St., Ste. 2100
Indianapolis, IN 46204
(317) 226-6333

s/Sara J. Varner
Sara J. Varner
Assistant Federal Public Defender
111 Monument Circle, Ste. 2150
Indianapolis, IN 46204
(317) 383-3520

## CERTIFICATE OF SERVICE

I certify a copy of the foregoing was filed electronically. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/Sara J. Varner*
Sara J. Varner