UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GEOFFRIE ALLEN LEE DILL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 1:13-cv-01900-TWP-TAB |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER GRANTING IN PART MOTION FOR RELIEF FROM JUDGMENT**

This matter is before the Court on Petitioner Geoffrie Dill's ("Mr. Dill") Motion for Relief from Judgment under Rule 60(a) and 60(b)(6) of the Federal Rules of Civil Procedure. (Dkt. 45). On May 6, 2016 the Court granted Mr. Dill relief, pursuant to 28 U.S.C. § 2255 and his sentence was amended that same date. (Dkt. 43, Dkt. 44). Mr. Dill argues that his sentence on Count 3 should have been amended to 120 months, instead of 180 months. He also argues that, under the reasoning in *United States v. De la Torre*, 940 F.3d 938, 951 (7th Cir. 2019), his prior Indiana convictions for dealing in methamphetamine no longer qualify as predicate offenses for enhancement of his sentence under 21 U.S.C. § 841(a)(1). For the reasons explained below, the Motion is **granted** in part and **denied** in part.

**I.     DISCUSSION**

On March 27, 2012, Mr. Dill was convicted on charges of possession with intent to distribute methamphetamine (Count 1), possession of a firearm in furtherance of a drug trafficking crime (Count 2), and felon in possession of a firearm (Count 3). Case No.: 1-11-cr-00026-TWP-KPF. (CR Dkt. 136). Mr. Dill was sentenced to 360 months on Count 1 (concurrent), 60 months on Count 2 (consecutive), and 180 months on count 3 (concurrent). Mr. Dill filed a claim under

*Johnson v. United States*, 135 S.Ct. 2551 (2015)[1]. On April 21, 2016 an Agreement of the parties as to the Johnson Claim Under 28 U.S.C 2255 was filed in which the parties agreed that the district court should grant relief to Mr. Dill to the extent that an Amended Judgment be entered in the criminal matter reflecting:

      (i). 240 months on count 1;
      (ii). Count 2 is unaffected.
      (iii). 120 months on Count 3 to be followed by a 3 year term of supervised release.

(Dkt. 40 at 2). Thereafter, on May 5, 2016, the parties submitted a Joint Proposed Judgement which stipulated : " The Sentence of 180 months on Count 3 is unaffected except that the parties request a finding that the Petitioner is no longer an Armed Career Criminal under *Johnson v. United States*, 135 S.Ct. 2551 (2015)".  (Dkt. 42). The Court entered a judgment accordingly. (Dkt. 45). In the instant Motion, Mr. Dill argues correctly that his sentence on Count 3 should have been amended to 120 months, instead of 180 months. (Dkt. 45).

      Rule 60(a) of the Federal Rules of Civil Procedure allows a Court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." The parties agree that such a clerical error occurred in Mr. Dill's case when the Parties' Joint Proposed Judgment inadvertently provided for a 180-month term of imprisonment on Count 3, rather than the 120-month term the parties had previously agreed to. (*See* Dkt. 53, p. 3-4). Mr. Dill requests a resentencing hearing to correct the error. That request is **granted.**

      Mr. Dill also argues that he is entitled to relief from his sentence under the reasoning in United *States v. De la Torre*, 940 F.3d 938, 951 (7th Cir. 2019), because his prior Indiana

---

[1] On June 26, 2015, the United States Supreme Court held the residual clause of the Armed Career Criminal Act unconstitutional. *Johnson*, 135 S.Ct. 2551. Subsequently, the Seventh Circuit Court of Appeals held that *Johnson* announces a new substantive rule of constitutional law that the Supreme Court has categorically made retroactive. *Price v. United States*, 795 F.3d 731 (7th Cir. 2015).

convictions for dealing in methamphetamine no longer qualify as predicate offenses for enhancement of his sentence under 21 U.S.C. § 841(a)(1). However, this argument presents a new claim for relief under § 2255, and therefore must be treated as a new § 2255 motion. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (treating a habeas petitioner's filing that seeks vindication of a claim as a "habeas corpus application"); *Ellzey v. United States,* 324 F.3d 521, 524 (7th Cir. 2003) ("[A]ny paper asking for the relief provided by § 2255 ¶ 1 *is* a motion under § 2255, without regard to its caption or other details.") (citing cases). Thus, Mr. Dill's request for relief from his sentence based on *De la Torre*, is **denied**. This ruling, however, does not preclude Mr. Dill from presenting any appropriate challenge at his resentencing hearing.

## II.     CONCLUSION

Mr. Dill's Motion for Relief from Judgment filed pursuant to Rule 60(a) and 60(b)(6) of the Federal Rules of Civil Procedure, dkt. [45], is **GRANTED in part and DENIED is part.** It is **granted** to the extent that a hearing will be scheduled, and Mr. Dill shall be resentenced on Count 3. The Motion is **denied** concerning Mr. Dill's request for relief from his sentence based on *De la Torre.* The **clerk shall docket** this Order in Mr. Dill's underlying criminal case, *United States v. Dill*, 1:11-cr-26-TWP-KPF-1. Further proceedings, including an Order scheduling the resentencing hearing, will be directed in that case.

**IT IS SO ORDERED.**

Date: 5/24/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Michelle Patricia Brady
UNITED STATES ATTORNEY'S OFFICE
michelle.brady@usdoj.gov

Terry Wayne Tolliver
BRATTAIN MINNIX GARCIA
Terry@BMGIndy.com

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov